UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENE TYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:22-cv-00909 |
| | ) | |
| WHOLE FOODS MARKET GROUP, | ) | |
| INC. & BRIXMOR RESIDUAL | ) | |
| SHOPPES AT FOX RUN, LLC, | ) | |
| Defendants. | | |

## NOTICE OF REMOVAL OF CIVIL ACTION

NOW COMES defendant Whole Foods Market Group, Inc. ("Whole Foods"), and, pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby removes to this Court the above-entitled action based on the following grounds:

1.      Whole Foods is a defendant in a civil action in the Hartford Superior Court of the State of Connecticut styled as "*Gene Tye v. Whole Foods Market Group, Inc. & Brixmor Residual Shoppes at Fox Run, LLC*, Hartford Superior Court, Docket No. HHD-CV22-6157596-S" (the "State Court Action").  The Complaint (the "Complaint") in the State Court Action alleges that plaintiff Gene Tye (the "Plaintiff") suffered personal injuries in an accident at certain premises managed or controlled by Whole Foods in Glastonbury, Connecticut, on July 26, 2020.

2.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon Whole Foods in the State Court Action are attached hereto at **Exhibit A.** Since Whole Foods was served, certain additional pleadings have been filed in the State Court Action.  Whole Foods was not formally served with these pleadings because, as of

1

the filing of this Notice of Removal, it has not entered an appearance in the State Court Action. However copies of these additional pleadings are attached hereto at **Exhibit B** for the Court's convenience.

3.       Whole Foods was served with the Plaintiff's Complaint on June 22, 2022. The Plaintiff filed the State Court Action with the Hartford Superior Court on June 30, 2022. This Notice of Removal is timely because it is filed within thirty days of service of process and the Plaintiff's filing of the State Court Action. *See* 28 U.S.C. §1446(b). *See also Marciniszyn v. Cigna Corp.*, 59 F. Supp. 3d 459, 460 (D. Conn. 2014); *Homer v. GMAC Mortgage*, LLC, 2011 WL 3859719, * 2 (D. Conn. 2011).

4.       Upon information and belief, the amount in controversy in this action exceeds $75,000. In the Complaint, the Plaintiff alleges that as a result of the injuries he suffered in the accident that is the subject of this case he was required to undergo a total left hip arthroplasty. *See* Complaint at ¶ 6. On September 2, 2021, the Plaintiff sent a pre-lawsuit demand letter to Whole Foods' third-party claims administrator, Gallagher Bassett Services, Inc., demanding settlement in the amount of $500,000. *Homer*, 2011 WL 3859719 at **3-4 (demand of $500,000 by plaintiffs' counsel established that amount in controversy exceeded the jurisdictional requirement for purposes of removal).

5.       The Plaintiff is a resident of the State of Connecticut. *See* Summons – Civil at **Exhibit A**. Whole Foods is a corporation formed under the laws of the State of Delaware with a principal place of business in Austin, Texas. *See* printout from the Connecticut Secretary of State's website attached hereto at **Exhibit C**. Defendant Brixmor Residual Shoppes at Fox Run, LLC, is a limited liability company formed under the laws of the State of Delaware with a principal place of business in New York, New

York. *See* printout from the Connecticut Secretary of State's website attached hereto at **Exhibit D**. As such, diversity of citizenship pursuant to 28 U.S.C. § 1332 exists between the parties in this case. *Id.*

6.      This Court has original jurisdiction over this action under 28 U.S.C. §1332(a).

7.      Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed in the State Court Action.  All parties in the State Court Action will receive a copy of that notice.

8.      On even date herewith, Whole Foods is filing: (i) the statement required by the Standing Order on Removed Cases of the United States District Court for the District of Connecticut (the "Standing Order"); (ii) the Notice of Pending Motions required by the Standing Order; (iii) a corporate disclosure statement; and (iv) a notice of appearance of its counsel in accordance with Local Rule 5(b).

WHEREFORE, defendant Whole Foods prays that this action be removed from the Hartford Superior Court for the State of Connecticut to the United States District Court for the District of Connecticut, and requests that this Court assume full jurisdiction over the case herein as provided by law.

3

Respectfully submitted,

WHOLE FOODS MARKET GROUP, INC.

By its attorneys,

/s/ Stephen C. Bazarian
Stephen C. Bazarian
sbazarian@dfllp.com
DALTON & FINEGOLD, LLP
34 Essex St.
Andover, MA 01810
Ph.: 978-296-4755
FAX: 978-824-9407
Federal Bar #ct30187

Dated: July 20, 2022

## CERTIFICATE OF SERVICE

I, Stephen C. Bazarian, Esq., counsel for defendant herein, hereby certify that on July 20, 2022, I served a copy of this pleading upon the following by first class mail, postage pre-paid:

Andrew B. Ranks, Esq.
Connecticut Trial Firm, LLC
437 Naubuc Ave., Ste. 107
Glastonbury, CT 06033
*Counsel for plaintiff Gene Tye*

Joseph M. Musco, Esq.
Musco & Iassogna
555 Long Wharf Drive, 10th Floor
New Haven, CT 06511
*Counsel for Brixmor Residual Shoppes at Fox Run, LLC*

/s/ Stephen C. Bazarian
Stephen C. Bazarian, Esq.